Nos. 13-35291 and 13-35322

# In the
# United States Court of Appeals
# for the Ninth Circuit

---

IN RE: RUPANJALI SNOWDEN,
                              *Debtor.*

-------------------------------------------

RUPANJALI SNOWDEN, DEBTOR,
                              *Appellant/Cross-Appellee*,

v.

CHECK INTO CASH OF WASHINGTON INC.,
                              *Appellee/Cross-Appellant.*

---

Appeal from the United States District Court for the Western District of Washington in No. 2:12-cv-01095-RSL, Hon. Robert S. Lasnik

---

**MOTION FOR A 14-DAY EXTENSION OF TIME TO FILE A PETITION FOR REHEARING AND REHEARING EN BANC FOR APPELLANT/CROSS-APPELLEE RUPANJALI SNOWDEN**

---

Pursuant to Fed. R. App. P. 27 and Ninth Cir. R. 31-2.2(b), Appellant/Cross-Appellee Rupanjali Snowden (Snowden) respectfully requests a 14-day extension of time for filing a petition for rehearing and rehearing en banc in the above-captioned case. Counsel for Check into Cash of Washington Inc. (CIC) has represented that his client currently has no position on Snowden's request.

1. On September 12, 2014, a three-judge panel (Goodwin, McKeown, Watford, JJ.) issued a published opinion in this case, which arises out of CIC's willful violation of the automatic stay. In its decision, the panel upheld findings of emotional distress and punitive damages, affirmed a denial of sanctions, and partially upheld an award of attorney's fees under 11 U.S.C. § 362(k). Slip op. 18-19. But the panel also held that, under *Sternberg* v. *Johnston*, 595 F.3d 937 (9th Cir. 2010), any fee award under § 362(k) was limited to fees incurred to stop CIC's stay violation, not fees incurred prosecuting the § 362(k) action itself. Slip op. 12-17; see also *id.* at 13-14 n.3 ("acknowledg[ing]" square conflict with the Fifth Circuit, which recognizes that § 362(k) permits "'successful claimant[s] to collect the fees incurred in prosecuting their action[s]'") (quoting *In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008)).

In a concurrence, Judge Watford, writing separately, explained that the panel was "bound by the rule in *Sternberg*." Slip op. 20 (Watford, J., concurring). But Judge Watford also offered a host of reasons to "question the soundness of *Sternberg*'s holding": it cuts against the "most natural[]" reading of the statute, creates a direct split with the Fifth Circuit, makes calculating fees "unnecessarily complicated," departs from Congress's "likely" intent, and ultimately invites an "odd," "impractical (and inevitably somewhat arbitrary)," "resource-consuming exercise" that "is sure to invite further litigation." *Id.* at 19-21.

2

Absent further review, the case will be remanded for "further litigation" to grapple with allocating fees under *Sternberg*'s framework. Slip op. 17; see also *id.* at 21 (Watford, J., concurring).

2. The current deadline for Snowden's rehearing petition is September 26, 2014. See Fed. R. App. P. 35(c) (a petition for rehearing en banc must be filed "within the time prescribed by Rule 40 for filing a petition for rehearing"), 40(a)(1) (absent extensions, a petition for panel rehearing "may be filed within 14 days after entry of judgment"). Snowden requests a 14-day extension from that date, which would create a new deadline of October 10, 2014. No previous extensions for this filing have been sought or obtained.

3. This extension is necessary for two principal reasons. First, Snowden's lead counsel on rehearing did not participate in earlier proceedings, and only assumed representation after the panel's opinion was issued. Snowden's rehearing petition will present a crucial question concerning the proper construction of § 362(k). This Court's precedent is at odds with § 362(k)'s plain text, undermines its statutory purpose, and generates unnecessary confusion in an area that demands uniformity. The issue has sharply divided the courts, and this Court's minority position has been "sharply criticized" on multiple grounds. *E.g.*, *In re Duby*, 451 B.R. 664, 675 (1st Cir. BAP 2011). *Sternberg* has also proved wholly unworkable in practice, which is likely why panels on this Court continue to struggle with its

3

application. See, *e.g.*, *In re Schwartz-Tallard*, No. 12-60052, 2014 U.S. App. LEXIS 17178, at *2-3 (9th Cir. Aug. 29, 2014) (dividing panel over *Sternberg*'s application to "fees for defending against a creditor's appeal of a finding that the creditor violated the automatic stay"). There are compelling reasons to "question the soundness of *Sternberg*'s holding" (slip op. 21 (Watford, J.)), and this petition will present those substantial questions. The extension requested is necessary for Snowden's counsel to have sufficient time to prepare a comprehensive, responsible petition on this important issue.

Second, the press of a heavy caseload has made it increasingly difficult for Snowden's counsel to complete the petition by the existing deadline. Snowden's appellate counsel has competing deadlines and obligations in other matters, including those with upcoming deadlines in the immediate term (see, *e.g.*, *Personalized Media Comm'cns, LLC* v. *EchoStar Corp.*, No. 14-1825 (Fed. Cir.) (filings due Sept. 30, 2014); *U.S. ex rel. Harman* v. *Trinity Indus., Inc.*, No. 2:12-CV-0089 (E.D. Tex.) (brief due Sept. 26, 2014)).

In light of these and other obligations, and the profound importance of the issue presented in this case, Snowden requires a modest amount of additional time to provide the Court with full and helpful briefing. This first extension is not sought for delay, and no party will be prejudiced if it is granted.

4. Accordingly, Snowden respectfully requests that the Court extend the time for filing a petition for rehearing and rehearing en banc until October 10, 2014.

                                      Respectfully submitted.

                                      /s/ *Daniel L. Geyser*

| | |
|---|---|
| Christina L. Henry | Daniel L. Geyser |
| Jacob DeGraaff | MCKOOL SMITH, P.C. |
| HENRY, DEGRAAFF & MCCORMICK, P.S. | 300 Crescent Court, Suite 1500 |
| 183 North 105th Street, Suite 220 | Dallas, TX  75201 |
| Seattle, WA  98133 | Tel.:  (214) 978-4014 |
| Tel.:  (206) 330-0595 | Fax:  (214) 978-4044 |
| Fax:  (206) 400-7609 | *dgeyser@mckoolsmith.com* |

                                      *Counsel for Appellant/Cross-Appellee Rupanjali Snowden*

September 19, 2014

Nos. 13-35291 and 13-35322

# In the
# United States Court of Appeals
# for the Ninth Circuit

IN RE: RUPANJALI SNOWDEN,
          *Debtor.*

-------------------------------------------

RUPANJALI SNOWDEN, DEBTOR,
          *Appellant/Cross-Appellee*,

v.

CHECK INTO CASH OF WASHINGTON INC.,
          *Appellee/Cross-Appellant.*

Appeal from the United States District Court for the Western District of Washington in No. 2:12-cv-01095-RSL, Hon. Robert S. Lasnik

### DECLARATION OF DANIEL L. GEYSER

I, Daniel L. Geyser, do hereby declare as follows:

1. I am a principal in the law firm of McKool Smith, P.C., and a member in good standing of the bar of this Court. Except as indicated otherwise, I make this declaration based on my own personal knowledge; if called as a witness, I could and would testify competently to these facts under oath. I represent Appellant/Cross-Appellee Rupanjali Snowden (Snowden) in this matter, and I am authorized to make this declaration on her behalf.

2. The three-judge panel issued its opinion in this case on September 12, 2014; under Fed. R. App. P. 35(c) and 40(a)(1), Snowden's rehearing petition is currently due on September 26, 2014, and was originally due on the same date. No previous extensions for this filing have been sought or obtained.

3. Snowden respectfully seeks a 14-day extension, which would extend the current deadline to October 10, 2014. In accordance with Ninth Cir. R. 31-2.2(b), this motion is being filed at least 7 days before the expiration of the pending deadline.

4. As described in the accompanying motion, this extension is warranted due to (i) the importance and complexity of the issue, and (ii) the press of a heavy caseload, including a series of competing deadlines and obligations in other matters. The extension requested would provide Snowden's counsel the necessary amount of time to finish, in a comprehensive and responsible way, the analysis and briefing for the important questions presented on rehearing.

5. Snowden's counsel has exercised and will continue to exercise diligence in this matter, and anticipates completing and filing the petition within the period requested by this motion.

6. Snowden's counsel contacted CIC's counsel on September 19, 2014, to confirm CIC's position on this motion. (The parties had traded e-mails earlier in

the week.) According to CIC's counsel, CIC has no current position on Snowden's request.

7. To my knowledge, the court reporter is not in default with regard to any designated transcripts in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Dallas, Texas, on September 19, 2014.

/s/ *Daniel L. Geyser*
Daniel L. Geyser

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2014, an electronic copy of the foregoing Motion was filed with the Clerk of Court for the U.S. Court of Appeals for the Ninth Circuit, using the appellate CM/ECF system. I further certify that all parties in the case are represented by lead counsel who are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Daniel L. Geyser*
Daniel L. Geyser
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel.: (214) 978-4014
Fax: (214) 978-4044
*dgeyser@mckoolsmith.com*

September 19, 2014